BLACK and Another *v.* DALE.

Where a party, against whom a judgment has been rendered before a a justice of the peace for less than five dollars, appeals to the Circuit or Common Pleas Court, and there obtains a verdict in his favor, he is entitled to recover his costs.

APPEAL from the *Cass* Common Pleas.

DAVISON, J.—*Dale* sued *Black* and *Johnson*, before a justice of the peace, upon a promissory note for the payment of 19 dollars and 50 cents  The note was filed before a justice as the cause of action. It reads thus:

"Nine months after date, we, or either of us, promise to

pay *Philip Dale* 19 dollars and 50 cents, without any relief whatever from the appraisement laws; dated *November* 29th, 1856.                                        DAVID BLACK."

"WILLIAM JOHNSON."

Before the justice the defendant appeared, and filed an account in set-off against the plaintiff's demand, as follows:

*Philip Dale* to *David Black,*                                        Dr.

1856, to boarding two men, *Dale* and son, ten weeks,
    at 2 dollars per week,. ......................................$40 00
To washing ten weeks for two men,........................ 3 75

Plaintiff did not appear before the justice, and, in his absence, there was a trial which resulted in a judgment against him for 25 cents, and he appealed. In the Common Pleas, to which the cause was taken by appeal, the defendant, *Johnson,* answered, alleging "that he signed the note in suit as surety only." Reply in denial of the answer. The issues were submitted to a jury who found for the defendants; and thereupon the plaintiff moved for a new trial. The Court sustained the motion, granted a new trial, and ordered that the cost in the case abide the event of the suit. After this, at the same term, there was a second jury trial which resulted in a verdict in favor of the plaintiff for 20 dollars. Motions for a new trial and in arrest were denied, and judgment entered on the verdict.

In a bill of exceptions it appears that the jury, at the instance of the plaintiff, were thus instructed:

1. "If you believe that *Black* was to board *Dale* and son in consideration of *Dale* furnishing the provisions for *Black's* family, and that this was agreed on, then *Black* would have no right to charge for the boarding, unless *Dale* failed or refused to furnish the provisions.

2. "If you find that *Dale* furnished provisions for the sup-

port of the family in which he and his son boarded, and that his son did the chores about the house, it would be improper for you to allow full price for the boarding, even if you find no special contract."

This second instruction is not strictly correct. It assumes that the provisions furnished by the plaintiff, and work performed by his son, constituted an independent demand against *Black.* This being the case, the jury could not, legally, apply the demand in reduction of the claim for boarding, because no charge, for provisions furnished or work done, is set up in the pleading in the cause. If, by the contract of the parties, the plaintiff's demand was to be applied in payment of the boarding, the jury, under the issues, would have been authorized to make the application. But that is not the case made by the instruction. It must, therefore, be held objectionable.

The defendants, at the proper time, moved to instruct as follows: "If even you should believe that *Dale* agreed to furnish all the provisions for *Black* and his family for boarding and washing for himself and son, this would have been a condition to have been first performed by *Dale*, and if he failed to do this, and *Black* had to furnish any provisions, this non-performance on the part of *Dale* was a breach of the contract, and *Black* must recover so much as the boarding is worth, and *Dale* must recover in another action, not in this, the value of the provisions, if any, he furnished." This instruction was refused, and we think correctly. There is, as contended, no demand for provisions furnished set up in the pleadings; still the plaintiff, as we understand the instruction, did furnish provisions which were received under a special contract in payment for boarding. And this being the case the jury, under the issues, as formed before the justice, were plainly authorized to allow such payment in reduction of the defendant's set-off.

Upon the return of the verdict the defendants moved for

a judgment against the plaintiff for costs, on two grounds: 1. That he had not reduced the judgment before the justice five dollars. 2. He did not appear at the trial before the justice. The Court overruled the motion, and the defendants excepted. Against this ruling we are referred to a statutory provision which says:

. "Costs shall follow the judgment in the Court of Common Pleas or Circuit Court on appeals, with the following exceptions:

"*First.* If either party against whom a judgment has been rendered appeal and reduce the judgment against him five dollars or more, he shall recover his costs in the Common Pleas or Circuit Court, when the appellant appeared before the justice."

"*Second.* If either party in whose favor judgment has been rendered appeal and do not recover at least five dollars more than he recovered before the justice, the appellee shall recover his costs in the Common Pleas or Circuit Court." 2 R. S. p. 464, sec. 70.

The case made by the motion, it is insisted, comes within the first exception, because the plaintiff who appealed from the judgment of the justice did not, in the Common Pleas, reduce the judgment "five dollars or more;" nor did he appear before the justice. The position is not strictly correct. Before the justice there was a judgment against the plaintiff for 25 cents. He appealed, and in the Common Pleas recovered 20 dollars. Thus, it will be seen, that the judgment rendered by the justice, though it had been changed, could, in no sense, be reduced within the purview of the exception, and the result is, the exception does not at all apply to the case. We have, however, decided the question under consideration, *vide Brinnaman* v. *Grover*, 16 Ind. 347. The motion was, therefore, correctly overruled. But the second instruc-

tion was erroneous; it may have misled the jury, and for the error in giving it, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*L. Chamberlin,* for the appellants.

*D. D. Pratt,* for the appellee.